THE PEOPLE, RESPONDENT, *v.* MENÉNDEZ ET AL., APPELLANTS.

APPEAL from the District Court of Arecibo.

No. 514.—Decided February 7, 1913.

CRIMINAL LAW—APPEAL—TRANSCRIPT OF RECORD—STATEMENT OF CASE—DOCU-MENTS SENT UP BY SECRETARY.—With the exception of the information, the plea of the defendant, the instructions of the court to the jury, the verdict, the motion for a new trial and the ruling made thereon, the judgment and the notice of appeal, all the other proceedings had in the trial of a criminal case may be sent up to this court by the secretary of the district court only when they have been duly included in a bill of exceptions or a statement of the case prepared and approved in accordance with the law.

ID.—JURY TRIAL—FELONY.—From July 1, 1902, on which date the Code of Criminal Procedure went into effect, only questions of fact in cases of felony may be tried by jury.

ID.—JURY TRIAL—MISDEMEANOR—VIOLATION OF ELECTION LAW.—A defendant charged with the violation of the election law, punishable by imprisonment from three months to two years, is charged only with a misdemeanor and therefore has no right to a trial by jury.

ID.—VIOLATION OF ELECTION LAW—FELONY.—In order that a violation of the election law of March 8, 1906, may constitute the felony punishable under section 161 of the Penal Code, it is necessary that it be alleged in the information that the defendant wilfully failed to comply with an obligation imposed by the law or that he acted fraudulently.

ID.—REGISTRATION OF VOTERS.—In order that a voter may be registered he must appear personally before the board.

The facts are stated in the opinion.

*Mr. Charles E. Foote, fiscal,* for The People.

The appellant did not appear.

MR. JUSTICE DEL TORO delivered the opinion of the court.

The information in this case was filed in the District Court of Arecibo and its pertinent part reads as follows:

"Eligio Menéndez and Francisco A. García are accused by the *fiscal* of the misdemeanor comprised in section 25 of the Act to provide for registration and elections, approved March 8, 1906, committed as follows:

"On the 8th day of July of this year Eligio Menéndez and Francisco A. García were the appointed agents composing the registration board for the second precinct of Arecibo for the purpose of registering the names of electors for the general elections to be held in, Porto Rico on November 5, 1912, and the said Eligio Menéndez and Francisco A. García then and there unlawfully and criminally registered the name of Carlos Medina as an elector in the registry of electors of the second precinct of Arecibo, the said Carlos Medina not having appeared in person on July 8, 1912, to register during the hours named for registration before the board of registration composed of said defendants, Eligio Menéndez and Francisco A. García.

"This act occurred in Arecibo within the judicial district of the same name."

The trial having been had, judgment was rendered on November 1, 1912, finding the defendants guilty of the crime with which they were charged and sentencing each of them to pay a fine of $250 or in default thereof to be imprisoned in jail one day for each $1.50 not paid. From that judgment the present appeal was taken.

The appellants did not appear at the hearing of the appeal and have not presented any brief in support thereof. They have failed also to file a bill of exceptions and a statement of facts as required by law. An examination of the transcript shows that the secretary of the district court included therein the information, the judgment, the notice of appeal and, besides, copies of certain motions and exceptions made and entered by the defendants in the trial court which the said court decided adversely to them. The motion raised

the legal question of the propriety of the trial of this case by jury, and the allegation was made in the exceptions that the facts set forth in the information did not constitute a crime.

According to the doctrine laid down by this court in *The People* v. *Guzmán,* 15 P. R. R., 276, in order that this court may take cognizance of motions respecting the propriety of a trial by jury it is necessary that they be incorporated in a bill of exceptions or a statement of the case according to law.

Notwithstanding this we have studied the question raised in the interests of justice, and in our opinion it was decided properly by the district court.

The first allegation made by the defendants is that even admitting that the offense charged is a misdemeanor, inasmuch as said offense is punishable by imprisonment from three months to two years, they are entitled to be tried by jury according to the provisions of section 2 of an Act creating trials by jury in Porto Rico, approved January 12, 1901. Were the provisions of said section still in force the contention of the defendants would be well founded, but inasmuch as the Code of Criminal Procedure went into effect in 1902, only the questions of fact in cases of felony may be tried by jury, and in order that the crime with which the defendants are charged should constitute a felony it would have to be punishable by imprisonment in the penitentiary instead of in jail, as it is. Sections 13, 14, 15 and 16 of the Penal Code and 178 of the Code of Criminal Procedure.

The second allegation made by the defendants is that the offense with which they are charged does not constitute a misdemeanor punishable under section 89 of the Act to provide for registration and elections, approved March 8, 1906, but that of felony, for which a punishment is provided in section 161 of the Penal Code. The defendants have been tried for the violation of section 25 of the said electoral Act of 1906, and the penalty for said violation is clearly provided for in section 89 of the same. It is true that said section 89

provides that "where the offense shall be punishable under the provisions of the Penal Code of Porto Rico, the penalties provided in and by the said code shall be applied," but it is also true that the information does not charge the defendants with having omitted or refused to comply with an obligation imposed upon them by the law or that in registering the voter, Carlos Medina, they acted fraudulently, and these are circumstances which would have been necessary in order that the offense should lose its character as a misdemeanor, punishable under sections 25 and 89 of the Electoral Act, and become a felony as described in section 161 of the Penal Code.

We find also that the exceptions were not included in the transcript, but inasmuch as they involve a fundamental question, which it is our duty to consider even though it has not been raised by any of the parties, we shall proceed to pass upon them. As we have stated already, it is alleged therein that the acts charged in the information do not constitute a public offense.

Section 25 of the Electoral Act of 1906 provides that "any elector desiring to register shall appear before the Board of Registration within the hours named on any registration day, and it shall be the duty of the board to register his name."

Therefore, in order that a voter may be registered according to the law he must appear in person before the board, and it is evident that if the board registers as a voter a person who does not appear before the same in person it commits a violation of the law and becomes amenable to the provision of sction 89 thereof, which provides that "Any officer provided for in this Act, who shall neglect or fail to properly perform his duties, imposed upon him by this Act, and all election officers, or other persons, who shall in any way violate the provisions of this Act, or of such regulations as may be issued by the Executive Council, shall be fined not less than $100 nor more than $2,000 or imprisonment for a

term of not less than three months nor more than two years or punished by both such fine and imprisonment."

Having reached the foregoing conclusions and it not appearing that any fundamental error has been committed in this case, the appeal should be dismissed and the judgment appealed from affirmed.

*Affirmed.*

Chief Justice Hernández and Justices Wolf and Aldrey concurred.

Mr. Justice MacLeary took no part in the decision of this case.